
ORIGINAL

# In the United States Court of Federal Claims

No. 17-1605C

(Filed: November 14, 2017)

**FILED**

NOV 1 4 2017

U.S. COURT OF
FEDERAL CLAIMS

```
*************************************
                                    *
KAWANA BROWN,                       *
                                    *
            Plaintiff,              *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
                                    *
*************************************
```

### DISMISSAL ORDER

WHEELER, Judge.

Plaintiff Kawana Brown filed a *pro se* complaint in this Court, alleging that the United States entered into adhesion and maritime contracts with her. Pursuant to its inherent authority, the Court *sua sponte* DIMISSES Ms. Brown's complaint for lack of subject-matter jurisdiction because she has neither alleged sufficient facts to support the claim that she has a contract with the government nor identified a separate source of substantive law creating a right to monetary damages.

### Background

On October 25, 2017, Ms. Brown filed a complaint in this Court, alleging that the United States coerced her into "express, implied, adhesion, and quasi contracts" related to her criminal conviction in Florida. Compl. at 4. Ms. Brown also claims that the United States entered into a maritime contract with her but does not provide any further information about these allegations. Id. at 1.

## Discussion

Subject-matter jurisdiction may be challenged at any time by the court *sua sponte*. See, e.g., Toohey v. United States, 105 Fed. Cl. 97, 98 (2012). When deciding whether there is subject-matter jurisdiction, the court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). Although *pro se* litigants are generally held to a lower standard in their pleadings, a *pro se* plaintiff must still prove subject-matter jurisdiction by a preponderance of the evidence. Lengen v. United States, 100 Fed. Cl. 317, 328 (2011).

Under the Tucker Act, a plaintiff must allege facts that demonstrate that a contract exists either between herself and the United States, or a plaintiff must allege that she is entitled to monetary relief under a separate, money-mandating source of law. 28 U.S.C. § 1491; see also Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The separate source of substantive law is considered money-mandating if it "can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s]." Fisher at 1173 (quoting United States v. Mitchell, 463 U.S. 206, 217 (1983)).

To establish a valid contract with the government, a plaintiff must show: (1) mutual intent; (2) consideration; (3) an unambiguous offer and acceptance; and (4) actual authority on the part of the government's representative to bind the government in contract. See Kam-Almaz v. United States, 682 F.3d 1364, 1368 (Fed. Cir. 2012). In her complaint, Ms. Brown makes a claim about entering into adhesion contracts but does not give any explanation that would allow the Court to conclude that a contract actually exists between her and the government. As such, this Court cannot exercise jurisdiction over the complaint. Additionally, while Ms. Brown asks the Court for relief, she fails to identify a separate source of substantive law creating a right to monetary damages. Therefore, this Court lacks jurisdiction over Ms. Brown's claim.

## Conclusion

For the foregoing reasons, the Court DISMISSES Ms. Brown's complaint without prejudice for lack of subject-matter jurisdiction. The Clerk of the Court is directed to enter judgment accordingly. No costs.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge